**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monica Faith Furst, | No. CV-19-00847-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Monica Furst applied for supplemental security income in June 2014. Following state agency denials of her application, Furst appeared with counsel and testified at a hearing before an Administrative Law Judge ("ALJ"). In September 2017, the ALJ decided that Furst was not disabled. In doing so, the ALJ followed the sequential five-step analysis applicable to disability benefits applications. 20 C.F.R. § 404.1520(a)(4). The ALJ found: (1) Furst has not engaged in substantial gainful activity since her application date; (2) Furst's severe impairments are liver disease, schizophrenia, and other psychotic disorders; (3) Furst's impairments do not automatically qualify her for benefits under agency regulations; (4) notwithstanding her impairments, Furst retains the capacity to perform light work, except she can only frequently balance and climb ramps or stairs, can never climb ladders, ropes or scaffolds, must avoid working around moving machinery and unprotected heights, and is limited to simple, routine, and repetitive tasks with only occasional time around the public; and (5) considering Furst's residual functional capacity,

age, education, and work experience, along with testimony from a vocational expert ("VE"), Furst was not disabled because she could work as a production assembler, picking table worker, or housekeeper. (AR 15-28.) The ALJ's decision became final after the denial of interagency review. Furst now asks the Court to review the ALJ's decision.

The Court has jurisdiction pursuant to 42 U.S.C. § 405(g), reviews only those issues raised by the party challenging the ALJ's decision, and will uphold the ALJ's decision unless it contains harmful legal error or is not supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Furst argues the ALJ: (1) improperly found Furst's visual and lower back impairments are not severe at step two; (2) ignored a treating source opinion; and (3) failed to account for Furst's moderate limitation in concentration, persistence, or pace when posing hypothetical questions to the VE. The Court takes these arguments in turn.

1. Step two is a de minimis screening standard meant to dispose of groundless claims. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An ALJ may find that an impairment is not severe "*only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). As such, an ALJ's conclusion that a plaintiff's impairment is not severe must be "clearly established by medical evidence." *Id.* at 687.

Here, the ALJ cited some evidence suggesting Furst's vision impairment is only a slight abnormality, but the evidence does not so clearly rule out its severity. For example, treatment notes from NP Bohannon on June 20, 2016 state that Furst is legally blind in her right eye, and Furst testified that she does not drive or take the bus because it is too difficult to read road signs. (AR 51, 1786, 1790.) Furst's claim of severe vision impairment is not wholly groundless. The ALJ should not have screened out this claim at step two.

The same is not true for Furst's allegations of disabling lower back problems. The record includes several treatment notes rating Furst's back pain as a 7 or 8 out of 10, for which Furst was prescribed pain relievers. (AR 1578, 1851, 1958-60.) But, as the agency notes in its response brief, the medical record reveals that Furst's back pain was not

particularly limiting. For example, musculoskeletal examinations were negative and reflected good and normal range of motion, and Furst was observed to have normal gait and station. (Doc. 13-14 (citing administrative records)). Though Furst undoubtedly experiences back pain, the ALJ did not err in concluding that Furst's back pain no more than minimally affects her ability to function.

2. The ALJ failed to address a Mental Impairment Questionnaire completed by Dr. Minerva Villafane. The agency argues that this error is harmless because Dr. Villafane's opinions are not supported by the record. It is not this Court's place, however, to weigh medical opinions in the first instance. The ALJ is responsible for weighing medical opinion evidence and, therefore, a remand is appropriate so that the ALJ can address Dr. Villafane's assessment.

3. When determining whether disability claimants can perform other work in the national economy, ALJs typically pose hypothetical questions to VEs. If an ALJ relies on a VE's answer to one of these hypothetical questions to conclude that jobs still exist for a claimant notwithstanding her impairments, the hypothetical must include all the claimant's functional limitations. *Brink v. Comm'r of Soc. Sec. Admin.*, 343 Fed. App'x. 211, 212 (9th Cir. 2009). Relying on *Brink*, Furst argues that the ALJ's hypothetical question, which limited Furst to simple, routine, and competitive tasks and only occasional public interaction, did not adequately account for Furst's moderate limitations in concentration, persistence, and pace. (AR 19, 54.) This Court has rejected this exact argument in prior cases, concluding that *Brink* (an unpublished, nonprecedential decision) is an outlier on this point and inconsistent with binding Ninth Circuit precedent. *See Stommes v. Comm'r of Soc. Sec. Admin.*, No- CV-17-00071-PHX-DLR, 2018 WL 1531706, at *3 (D. Ariz. Mar. 29, 2018). The ALJ's hypothetical was proper. Accordingly,

//
//
//
//

**IT IS ORDERED** that the agency's non-disability decision is **REVERSED** and this matter **REMANDED** for further proceedings consistent with this decision. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 27th day of March, 2020.

Douglas L. Rayes
United States District Judge